Jonathan S. Pollack (JP 9043)
**Attorney at Law**
274 Madison Avenue
New York, New York 10016
Telephone:    (212) 889-0761
Facsimile:    (212) 889-0279

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | | |
|---|---|---|
| **ELISSA BECKER,** | : | **COMPLAINT** |
| **Plaintiff,** | : | **07 CIV 4022 (RMB)** |
| -against- | : | |
| **EBER BROS. WINE & LIQUOR** | : | **PLAINTIFF DEMANDS** |
| **CORPORATION,** | | **TRIAL BY JURY** |
| | : | |
| **Defendant.** | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


Plaintiff, Elissa Becker ( "Becker" or "Plaintiff" )," through her attorney, Jonathan S. Pollack,

Esq., hereby alleges as its Complaint against Defendant, Eber Bros. Wine & Liquor Corporation,

( "Eber" or "Defendant" )," as follows:


## NATURE OF THE ACTION

1.    In this action, Plaintiff seeks damages under the laws of the State of New York for

breaches of a written employment agreement for a specified term, to wit, termination of Defendant

without cause and failure by Defendant to pay salary and commissions to Plaintiff with respect

thereto.

## JURISDICTION AND VENUE

2.      This action arises under the common law of the State of New York.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332.  This Court has supplemental jurisdiction over the State law claims pursuant to 28 U.S.C. § 1367.

3.      Venue of this action is properly laid in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(c).

4.      The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00.

## THE PARTIES

5.      At all relevant times, Becker has been an individual with her primary place of residence at 232 Silverbell Court, West Chester, Pennsylvania, 19380.

6.      Plaintiff is informed and believes and thereupon alleges that at all relevant times Eber has been a corporation duly organized and existing under the laws of the State of New York with its principal place of business located at 155 Paragon Drive, Rochester, New York, 14624.

7.      Plaintiff is informed and believes and thereupon alleges that at all times relevant hereto, Eber maintains an office in Portchester, New York.

8.      Plaintiff is informed and believes and thereupon alleges that at all times relevant hereto, Eber regularly conducted business within the County and State of New York.

-2-

## THE EMPLOYMENT AGREEMENT

9.     Becker is a saleswoman in the business of selling liquors, wines and other spirits to retailers.

10.     Upon information and belief, Eber is in the business of distributing liquors, wines and other spirits to retailers.

11.     On or about January 12, 2005, Becker and Eber entered into a written employment agreement (the "Agreement"), a true and correct copy of the Agreement is annexed hereto as Exhibit "A."

12.     Pursuant to paragraph 14 of the Agreement, the law of the State of New York shall govern disputes arising out of the Agreement.

13.     Pursuant to Paragraphs 6 and 8 of the Agreement, Becker was engaged to perform sales services of liquors, wines and spirits, exclusively for Eber, for a defined period commencing on January 12, 2005 and ending three (3) years thereafter, i.e. January 12, 2008 (the "Term").

14.     Pursuant to Paragraph 6 of the Agreement, Becker was to be paid standard commissions which shall, under no circumstance, be less than $200,000.00 per year (the "Guaranteed Sum") for three (3) years, plus $5,000/month per year, for three years for reimbursement of business expense monies, plus after tax bonus of $525.00/month per year for three years.  ("The Guaranteed Sum and other payments referenced in this paragraph are sometimes collectively referred to hereinafter as the "Salary".)"

15.     Pursuant to Paragraph 8 of the Agreement, "Should Company terminate Employee prior to said three (3) year term, Company shall still be obligated to make payment to Employee the Guaranteed Sum plus any other monies payable to Employee as set forth in paragraph 6 hereunder

unless Employee is terminated for Cause.   "

16.    At all relevant times Becker complied with terms and conditions of the Agreement and was never in breach thereof.

17.     Becker was not  terminated for cause.   "

18.    On or about March 5, 2007, at a meeting of Eber employees (the  Meeting )," Lester Eber ( Mr. Eber )," President of Eber, informed Becker and other of Eber s employees, that Eber was being sold to Southern Wine and Spirits  ( Southern )" and that said sale would be completed as of March 31, 2007.

19.    At the Meeting, Mr. Eber further informed Becker and other of Eber s employees that as of March 31, 2007, Eber would no longer honor its commitments to its employees, including its monetary obligations to Becker pursuant to the Agreement.

20.    On or about March 9, 2007, Becker s counsel sent a letter to Eber s counsel, Patrick Dalton ( Mr. Dalton )," informing Eber that Becker was in full compliance with the Agreement and requesting confirmation that Eber would honor its commitments under the Agreement.

21.    On or about March 9, 2007 Mr. Dalton confirmed to Becker s counsel that although Becker was not in breach of the Agreement, Eber did not know when, if ever, it would be able to fulfill its monetary obligations to Becker pursuant to the Agreement.

22.    On or about March 16, 2007, Mr. Dalton confirmed by e-mail (the  March 16 E-Mail )" to Becker s counsel that Becker was not in breach of the Agreement.

23.    The March 16 E-Mail stated, *inter alia*,   ": should Ms. Becker seek to find work or accept employment with another entity, the Eber entities will not use that to place her in any kind

-4-

of breach under her Non- Competition Agreement.   "

24.    On or about April 26th, 2007, Eber terminated the services of Becker in writing, effective as of April 13, 2007.

25.    As of April 13, 2007, in breach of the Agreement, Eber ceased making payments due to Becker, including, but not limited to the Salary due and owing to Becker for the remaining Term of the Agreement.

26.    Upon information and belief, Eber has not been sold to Southern.

27.    On or about May 15, 2007, Mr. Eber was notified in writing by Becker that pursuant to Business Corporation Law Sec. 630, in Mr. Eber's capacity as one of the ten largest shareholders of Eber, Becker intended to hold Mr. Eber jointly and severally, personally liable for, without limitation, all debts, wages and salaries due to Becker for the services Becker performed for Eber.

## ADDED COMMISSIONS

28.    In addition to Becker's services under the Agreement, Becker provided certain supplemental sales services for Eber ("Additional Sales Services").

29.    As compensation for Becker's Additional Sales Services, Eber promised to pay Becker commissions ("Added Commissions") generated from revenue payable to Eber, pursuant to agreements entered into between certain third party liquor suppliers and Eber.

30.    Becker provided Additional Sales Services and Eber was paid and benefited from those Additional Sales Services.

31.    Eber paid Becker for Additional Sales Services through August, 2006.

32.    Ebere has not paid Becker for Additional Services for the period from September, 2006 through April, 2007.

## RETIREMENT CONTRIBUTIONS

33.    Eber agreed to make monthly contributions (the "Contributions") to Becker's pension and/or 401K retirement plan (the "Retirement Plan") throughout the term of her employment, including, without limitation, the Term of the Agreement.

34.    Upon information and belief it was Eber's policy to make Contributions to all of its employees Retirement Plans.

35.    Eber made Contributions to Becker's Retirement Plan through December of 2005.

36.    As of January 1, 2006 Eber ceased making Contributions to the Retirement Plan in breach of Eber's agreement with Becker.

37.    Up until April 26, 2007, Eber promised it would make the Contributions required

pursuant to Eber's agreement with Becker.

38.     Eber has failed to make the Contributions from January 1, 2006 through the end of the Term of the Agreement, in breach of Eber's agreement with Becker.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

39.     This claim arises under the common law of the State of New York.

40.     Pursuant to the Agreement, Defendant was obligated to pay, and Plaintiff was entitled to receive, specified compensation, including but not limited to Salary for the entirety of the duration of the Term of the Agreement.

41.     Plaintiff has complied with all of the terms and conditions of the Agreement and has not been in breach of the Agreement.

42.     Defendant breached the Agreement by terminating Plaintiff's services without cause prior to the end of the Term, and by failing to make the payments due to Becker for the duration of the Term of the Agreement, including, but not limited to, Salary due and owing to Plaintiff.

43.     By reason of the foregoing, Plaintiff has sustained damages and upon information and belief, such damages exceed Two Hundred and Twenty Five Thousand Dollars ($225,000.00).

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)

44.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 42 above as if fully set forth herein.

45.     This claim arises under the common law of the State of New York.

46.     Pursuant to agreement with Becker, Eber agreed to make Contributions to Becker's Retirement Plan during the Term of the Agreement.

47.     Eber made such Contributions through and including December, 2005.

48.     Eber has failed to make Contributions since December, 2005.

49.     By reason of the foregoing, Plaintiff has sustained damages and upon information and belief, such damages exceed Twelve Thousand Five Hundred Dollars ($12,500.00)

### THIRD CLAIM FOR RELIEF
### (Breach of Contract)

50.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 47 above as if fully set forth herein.

51.     This claim arises under the common law of the State of New York.

52.     At Defendant's request, Plaintiff performed Additional Sales Services for the benefit of Defendant.

53.     Defendant was paid monetary consideration and has received other benefits as a result of Plaintiff's Additional Sales Services and has failed to compensate Plaintiff therefore.

54.     By reason of the foregoing, Plaintiff has sustained damages and upon information and belief, such damages exceed Twelve Thousand Five Hundred Dollars ($12,500.00).

## FOURTH CLAIM FOR RELIEF
### (<u>Unjust Enrichment</u>)

55.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 52 above as if fully set forth herein.

56.     Becker performed, and Eber accepted, the Additional Sales Services in good faith.

57.     Becker had an expectation of compensation for the Additional Sales Services.

58.     The reasonable value of the Additional Sales Services for which Becker has not been compensated is no less than $12,500.00.

59.     By reason of the foregoing, Plaintiff has sustained damages and upon information and belief, such damages exceed Twelve Thousand Five Hundred Dollars ($12,500.00).

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

      1.     On the First Claim For Relief in the sum of $225,000.00 together with interest thereon from April 13, 2007 and costs in this action, including reasonable attorneys fees.

      2.     On the Second Claim For Relief in the sum of $12,500.00 together with interest thereon from December, 2005 and costs in this action including reasonable attorneys fees.

      3.     On the Third and Fourth Claims For Relief in the sum of $12,500.00 together with interest thereon from September, 2006 and costs in this action including reasonable attorneys fees.

      4.     Awarding to Plaintiff such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      May 22, 2007

Respectfully submitted,

**LAW OFFICES OF
JONATHAN S. POLLACK**

By_____
   Jonathan S. Pollack (JP 9043)

274 Madison Avenue, 19th Floor
New York, New York 10016
(212) 889-0761
(212) 889-0279 (Fax)
*Attorneys for Plaintiff*

-10-