# NON-COMPETITION AGREEMENT

This Non-Competition Agreement (the "Agreement") is made this 12th day of January, 2005 by and between EBER BROS. WINE & LIQUOR CORPORATION, a New York corporation with its principal place of business located at 155 Paragon Drive, Rochester, New York 14624 (the "Company"), and Elissa Becker, an individual residing at 232 Silverbell Court, West Chester, PA 19380 ("Employee").

WHEREAS, Employee is currently employed by the Company; and

WHEREAS, Employee acknowledges and agrees that, as a condition to continued employment with the Company (which, for purposes of this Agreement, shall include any parent or subsidiary of the Company, and any other entity controlled by, controlling or under common control with the Company or any parent or subsidiary of the Company) and for the consideration to be paid to Employee hereunder, Employee will execute and deliver to the Company this Agreement and will comply with and abide by all of the terms and conditions contained herein;

NOW, THEREFORE, in consideration of the foregoing premises and the mutual covenants and agreements contained herein, as well as for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. <u>Acknowledgments by Employee</u>. Employee hereby acknowledges that (i) the Company is engaged in the wholesale distribution of liquors, wines and other spirits in locations throughout the State of New York (the "Business"), (ii) Employee is knowledgeable about the operations of the Business, (iii) Employee's work for and on behalf of the Company has enabled him to develop relationships with various customers, suppliers, vendors, industry contacts and other persons and entities in the industry such that he, or an entity controlling, controlled by or under common control with him, could operate or enter the employ of a competitive business engaged in the wholesale distribution of liquors, wines and other spirits, (iv) the agreements and covenants contained in this Agreement are essential to protect the Business, and (v) Employee's contacts and relationships with various customers, suppliers, vendors, industry contacts and other persons and entities in the industry have been and will continue to be invaluable in operating the Business.

2. <u>Non-Competition</u>. Employee hereby agrees that, during the term of his employment with the Company and for a period of twelve (12) months thereafter, Employee shall not, without the prior written consent of the Company, (i) directly or indirectly own or operate any business that engages in the wholesale distribution of liquors, wines and other spirits or any similar business that competes with the Business within the State of New York, (ii) enter the employ of any person or entity engaged in, or consult or advise any person or entity related to, the operation of any business that engages in the wholesale distribution of liquors, wines and other spirits or any similar business that competes with the Business in the State of New York, or (iii) have an interest, directly or indirectly, in any entity that owns or operates any business that engages in the wholesale distribution of liquors, wines and other spirits or any similar

business that competes with the Business, as an individual, partner, shareholder, officer, director, manager, member, principal, agent, employee, trustee, joint venturer or consultant or in any other relationship or capacity in the State of New York.

3. Non-Solicitation. During the term of his employment with the Company and for a period of twelve (12) months thereafter, Employee shall not, directly or indirectly, without the prior written consent of the Company, (i) recruit or solicit for employment any officer, director, employee, consultant or agent of the Company, or encourage any such individual or entity to leave their employment with the Company, or (ii) solicit, induce or influence any customer, supplier, lessor or any other person or entity which has a business relationship with the Company to discontinue or reduce the extent of such relationship with the Company.

4. Remedies. Employee hereby agrees that monetary damages would be an inadequate remedy for any breach or threatened breach of the terms and conditions of the provisions of Section 2 or 3 and that, in the event of any such breach or threatened breach, injunctive relief will be necessary to prevent irreparable injury to the Company. Accordingly, Employee hereby agrees that in addition to and not in lieu of any other relief to which the Company may be entitled, any court having jurisdiction may enter an appropriate injunctive order or other equitable relief to prevent such breach or threatened breach, without requiring the Company to post a bond or other security. In addition, Employee agrees that the preceding sentences should not be interpreted to limit the remedies for any breach or threatened breach of the provisions of Section 2 or 3 and that all remedies available under law or in equity with respect to such breach or threatened breach may be available to the Company.

5. Remedies of Terms. Employee acknowledges and agrees that the restrictive covenants set forth herein are reasonable and valid in all respects. If any court determines that the restrictive covenants or any part thereof are invalid or unenforceable, the remainder of the restrictive covenants shall not thereby be affected and shall be given full effect, without regard to the invalid portions. If any court determines that the restrictive covenants or any part thereof are unenforceable because of the duration or scope of any provision, such court shall have the power to reduce the duration or scope of such provision, as the case may be, and in its reduced form, such provision shall then be enforceable and shall be enforced

6. Consideration. In consideration of the covenants of Employee set forth in this Agreement, the Company shall pay Employee compensation equal to Employee's standard commission which shall, under no circumstance, be less than $200,000 per year (the "Guaranteed Sum") for three (3) years, plus $5,000/month per year, for three years for reimbursement of business expense monies, plus an after tax bonus of $525.00/month per year for three years. Also, Employee will be allowed, without limitation, to sell Frontier Division and Eber Division portfolio in top ten accounts. Furthermore, without limitation, Employee shall have the right to sell Paramount Portfolio in account number 10375 and account number 12642. **Notwithstanding the foregoing, and without limiting any other rights that the Company may have for a breach of the terms of this Agreement, in the event Employee breaches any of the provisions of Section 2 or**

3 above at any time, Employee shall have no further entitlement to receive any consideration hereunder.

7. <u>Disclosure to Prospective Employers</u>. Employee agrees that, during the term of this Agreement, he shall immediately notify the Company of any offer of employment, consulting agreement or business opportunity which involves or relates to the distribution of liquors, wines and other spirits, prior to accepting such offer and sufficiently in advance thereof to permit the Company to protect its rights or interests hereunder. Employee further agrees that, prior to accepting any offer of employment or engagement as an employee or consultant of any person or entity engaged in the distribution of liquors, wines and other spirits, Employee will make full disclosure of the existence and contents of this Agreement to such person or entity. The notices and disclosures pursuant to this Section 8 shall not be deemed a waiver of any rights and interest of the Company pursuant to this Agreement or otherwise.

8. <u>Term of Agreement</u>. The term of Employee's employment hereunder shall be for a period of three (3) years. Should Company terminate Employee prior to said three (3) year term, Company shall still be obligated to make payment to Employee the Guaranteed Sum plus any other monies payable to Employee as set forth in paragraph 6 hereunder unless Employee is terminated for "cause." The term "cause" as used herein, shall mean termination for a material breach by Employee of paragraphs 2 or 3 of this agreement.

9. <u>Successors and Assigns</u>. All covenants and agreements contained in this Agreement by or on behalf of any of the parties hereto shall be binding upon and inure to the benefit of the respective successors and permitted assigns of the parties hereto. Employee may not transfer or assign this Agreement or any of Employee's rights or obligations hereunder without the prior written consent of the Company. Any attempted transfer or assignment of this Agreement or any rights or obligations hereunder in violation of this provision shall be null and void and of no effect whatsoever.

10. <u>Notices</u>. All notices and other communications hereunder shall be in writing and shall be delivered personally, mailed, sent by facsimile or sent by recognized commercial courier. If delivered personally, such notice shall be deemed to be given when delivered to the intended recipient. If delivered by mail, such notice shall be deemed to be given three (3) business days after deposit in the United States mail, certified or registered mail, postage prepaid. If delivered by facsimile, such notice shall be deemed given when transmission of the notice is complete to the facsimile number of the other party. If delivered by recognized commercial carrier, such notice shall be deemed given one (1) business day after having been delivered to a recognized commercial carrier for overnight delivery. All such notices shall be addressed to the parties at the respective addresses set forth above or to such other address which such party shall have given to the other party for such purpose by notice hereunder.

11. <u>Severability</u>. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of the remaining provisions of this Agreement, and this Agreement shall be construed in all respects as if such invalid or

unenforceable provision were omitted. All provisions of this Agreement shall be enforced to the full extent permitted by law.

12. **Waiver.** Any provision hereof may be waived only by a written instrument making specific reference to this Agreement signed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought. The waiver by any party hereto of a breach of any provision of this Agreement shall not operate or be construed as a further or continuing waiver of such breach or as a waiver of any other or subsequent breach. No failure on the part of any party to exercise, and no delay in exercising, any right, power or remedy hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of such right, power or remedy by such party preclude any other or further exercise thereof or the exercise of any other right, power or remedy.

13. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which, when taken together, will be deemed one and the same instrument.

14. **Governing Law.** This Agreement shall be governed by, construed, interpreted and enforced in accordance with the laws of the State of New York without reference to its principles of conflicts of law.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement on the date first above written.

EMPLOYEE:

_____
[Name]

EBER BROS. WINE & LIQUOR CORP.

By: _____
Lester Eber, President

By: _____
John T. Ryan,
Chief Financial Officer