UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELISSA BECKER,

                Plaintiff,

   -vs-

EBER BROS. WINE & LIQUOR CORPORATION,

                Defendant.

**ANSWER**

07 CIV 4022 (RMB)

---

       Defendant Eber Bros. Wine & Liquor Corporation, by its attorneys, Harris Beach PLLC, for its Answer to the plaintiff's Complaint, alleges as follows:

       1.     Answering paragraph 1, defendant admits that plaintiff brought this action against defendant purportedly seeking various forms of relief, but denies there is any basis on which to do so and otherwise denies the allegations contained in this paragraph.

       2.     Answering paragraph 2, defendant denies knowledge and information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore denies the same.

       3.     Answering paragraph 3, defendant denies the allegations contained in this paragraph.

       4.     Answering paragraph 4, defendant denies knowledge and information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore denies the same.

       5.     Answering paragraph 5, defendant denies knowledge and information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore denies the same.

6. Answering paragraph 6, defendant admits the allegations contained in this paragraph.

7. Answering paragraph 7, defendant denies the allegations contained in this paragraph.

8. Answering paragraph 8, defendant denies that it regularly conducts business in the County of New York, but admits the remaining allegations in paragraph 8.

9. Answering paragraph 9, defendant denies knowledge and information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore denies the same.

10. Answering paragraph 10, defendant admits the allegations contained in this paragraph.

11. Answering paragraph 11, defendant admits that the parties entered into a written agreement on January 12, 2005 (the "Agreement"), refers to it for its true and correct terms, but denies that plaintiff was employed by defendant.

12. Answering paragraph 12, defendant refers to the Agreement for its true and correct terms.

13. Answering paragraph 13, defendant refers to the Agreement for its true and correct terms, but denies that plaintiff performed "sales services" for defendant.

14. Answering paragraph 14, defendant refers to the Agreement for its true and correct terms, and otherwise denies the allegations contained in this paragraph.

15. Answering paragraph 15, defendant refers to the Agreement for its true and correct terms.

16. Answering paragraph 16, defendant denies knowledge and information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore denies the same.

17. Answering paragraph 17, defendant denies knowledge and information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore denies the same.

18. Answering paragraph 18, defendant denies the allegations contained in this paragraph.

19. Answering paragraph 19, defendant denies the allegations contained in this paragraph.

20. Answering paragraph 20, defendant admits receiving the March 9, 2007 letter and otherwise denies the allegations contained in this paragraph.

21. Answering paragraph 21, defendant denies the allegations contained in this paragraph.

22. Answering paragraph 22, defendant refers to the March 16, 2007 e-mail of its counsel for its true and correct terms and otherwise denies the allegations contained in this paragraph.

23. Answering paragraph 23, defendant refers to the March 16, 2007 e-mail of its counsel for its true and correct terms and otherwise denies the allegations contained in this paragraph.

24. Answering paragraph 24, defendant admits that Eber-NDC, LLC terminated plaintiff's employment effective April 13, 2007 and otherwise denies the allegations contained in this paragraph.

25. Answering paragraph 25, defendant admits that it ceased making payments to plaintiff but denies that defendant is obligated to make any further payments to plaintiff.

26. Answering paragraph 26, defendant admits the allegations contained in this paragraph.

27. Answering paragraph 27, defendant denies knowledge and information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore denies the same.

28. Answering paragraph 28, defendant denies the allegations contained in this paragraph.

29. Answering paragraph 29, defendant denies the allegations contained in this paragraph.

30. Answering paragraph 30, defendant denies the allegations contained in this paragraph.

31. Answering paragraph 31, defendant denies the allegations contained in this paragraph.

32. Answering paragraph 32, defendant admits that it has not paid plaintiff for "Additional Services" and denies that defendant is obligated to make such payments.

33. Answering paragraph 33, defendant denies the allegations contained in this paragraph.

34. Answering paragraph 34, defendant admits that it had certain employment policies, refers to those policies for their true and correct terms and otherwise denies the allegations contained in this paragraph.

35. Answering paragraph 35, defendant denies the allegations contained in this paragraph.

HARRIS BEACH
ATTORNEYS AT LAW

4

36. Answering paragraph 36, defendant denies the allegations contained in this paragraph.

37. Answering paragraph 37, defendant denies the allegations contained in this paragraph.

38. Answering paragraph 38, defendant admits that it has not made retirement plan contributions on plaintiff's behalf and denies that it is obligated to do so.

39. Answering paragraph 39, defendant denies the allegations contained in this paragraph.

40. Answering paragraph 40, defendant denies the allegations contained in this paragraph.

41. Answering paragraph 41, defendant denies knowledge and information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore denies the same.

42. Answering paragraph 42, defendant denies the allegations contained in this paragraph.

43. Answering paragraph 43, defendant denies the allegations contained in this paragraph.

44. Answering paragraph 44, defendant incorporates herein by reference its answers to paragraph 1 through 43.

45. Answering paragraph 45, defendant denies the allegations contained in this paragraph.

46. Answering paragraph 46, defendant denies the allegations contained in this paragraph.

47. Answering paragraph 47, defendant denies the allegations contained in this paragraph.

48. Answering paragraph 48, defendant admits that it did not make contributions to plaintiff's "Retirement Plan," but denies the obligation to do so.

49. Answering paragraph 49, defendant denies the allegations contained in this paragraph.

50. Answering paragraph 50, defendant incorporates herein by reference its answers to paragraph 1 through 49.

51. Answering paragraph 51, defendant denies the allegations contained in this paragraph.

52. Answering paragraph 52, defendant denies the allegations contained in this paragraph.

53. Answering paragraph 53, defendant denies the allegations contained in this paragraph.

54. Answering paragraph 54, defendant denies the allegations contained in this paragraph.

55. Answering paragraph 55, defendant incorporates herein by reference its answers to paragraph 1 through 54.

56. Answering paragraph 56, defendant denies the allegations contained in this paragraph.

57. Answering paragraph 57, defendant denies the allegations contained in this paragraph.

58. Answering paragraph 58, defendant denies the allegations contained in this paragraph.

59. Answering paragraph 59, defendant denies the allegations contained in this paragraph.

60. Defendant denies each and every other allegation not specifically admitted, controverted or otherwise addressed above.

### FIRST AFFIRMATIVE DEFENSE

61. The Complaint fails to state a cause of action against this defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

62. Upon information and belief, the venue of this matter is improper.

### THIRD AFFIRMATIVE DEFENSE

63. Upon information and belief, plaintiff has failed to mitigate her damages.

### FOURTH AFFIRMATIVE DEFENSE

64. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, unclean hands, or laches.

### FIFTH AFFIRMATIVE DEFENSE

65. Plaintiff's claims are barred in whole or in part by the Statute of Frauds.

### SIXTH AFFIRMATIVE DEFENSE

66. Upon information and belief, Plaintiff failed to join Eber-NDC, LLC, an indispensable party to this litigation.

WHEREFORE, the defendant demands judgment:

(a) dismissing the Complaint in its entirety, with prejudice; and

(b) for such other and further relief as this Court may seem just and proper, including, but not limited to, the costs and disbursements of this action.

Dated: June 19, 2007

                              HARRIS BEACH PLLC

                          By: /S/ Gregory J. McDonald
                          Paul J. Yesawich, III (PY 0343)
                          Gregory J. McDonald (GM 1518)
                          *Attorneys for the Defendant*
                          99 Garnsey Road
                          Pittsford, New York 14534
                          Tel: (585) 419-8800

TO:    LAW OFFICES OF JONATHAN S. POLLACK
        Jonathan S. Pollack (JP 9043)
        Attorney for Plaintiff
        274 Madison Avenue, 19th Floor
        New York, New York 10016

## CERTIFICATE OF SERVICE

### 07 CIV 4022 (RMB)

I hereby certify that on June 19, 2007, I caused to be electronically filed the foregoing Answer with the Clerk of the District Court, Southern District of New York using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

1.  LAW OFFICES OF JONATHAN S. POLLACK
    Jonathan S. Pollack (JP 9043)
    Attorney for Plaintiff
    274 Madison Avenue, 19th Floor
    New York, New York 10016

And I hereby certify that I have sent by regular mail the foregoing, by the United States Postal Service, to the following non-CM/ECF participants:

1.  N/A

/S/ Gregory J. McDonald
GREGORY J. McDONALD (GM 1518)

229053 859570.2