Jonathan S. Pollack (JP 9043)
**Attorney at Law**
274 Madison Avenue
New York, New York 10016
Telephone:  (212) 889-0761
Facsimile:  (212) 889-0279

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------X | | **FIRST** |
| ELISSA BECKER, | : | **AMENDED** |
| | | **COMPLAINT** |
| **Plaintiff,** | : | |
| | | |
| -against- | : | **07 CIV 4022 (RMB)** |
| | | |
| **EBER BROS. WINE & LIQUOR** | : | **PLAINTIFF DEMANDS** |
| **CORPORATION and EBER-NDC, LLC** | | **TRIAL BY JURY** |
| | : | |
| **Defendants.** | | |
| ------------------------------------X | | |

Plaintiff, Elissa Becker ("Becker" or "Plaintiff"), through her attorney, Jonathan S. Pollack, Esq., hereby alleges as its Complaint against Defendants, Eber Bros. Wine & Liquor Corporation, ("Eber") and Eber-NDC, LLC ("NDC") (Eber and NDC are sometimes collectively referred to herein as "Defendants"), as follows:

## NATURE OF THE ACTION

1. In this action, Plaintiff seeks damages under the laws of the State of New York for breaches of a written employment agreement for a specified term, to wit, termination of Defendants without cause and failure by Defendants to pay salary and commissions to Plaintiff with respect

thereto.

## JURISDICTION AND VENUE

2. This action arises under the common law of the State of New York. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332. This Court has supplemental jurisdiction over the State law claims pursuant to 28 U.S.C. § 1367.

3. Venue of this action is properly laid in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(c).

4. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00.

## THE PARTIES

5. At all relevant times, Becker has been an individual with her primary place of residence at 232 Silverbell Court, West Chester, Pennsylvania, 19380.

6. Plaintiff is informed and believes and thereupon alleges that at all relevant times Eber has been a corporation duly organized and existing under the laws of the State of New York with its principal place of business located at 155 Paragon Drive, Rochester, New York, 14624.

7. Plaintiff is informed and believes and thereupon alleges that at all times relevant hereto, Eber maintains an office in Portchester, New York.

8. Plaintiff is informed and believes and thereupon alleges that at all times relevant hereto, Eber regularly conducted business within the County and State of New York.

9. Plaintiff is informed and believes and thereupon alleges that at all relevant times NDB has been a Limited Liability Company duly organized and existing under the laws of the State of

Delaware with its principal place of business located in Portchester, New York.

    10.    Plaintiff is informed and believes and thereupon alleges that at all times relevant hereto, NDB regularly conducted business within the County and State of New York.

## THE EMPLOYMENT AGREEMENT

11. Becker is a saleswoman in the business of selling liquors, wines and other spirits to retailers.

12. Upon information and belief, Eber and NDB are in the business of distributing liquors, wines and other spirits to retailers.

13. On or about January 12, 2005, Becker and Eber entered into a written employment agreement (the "Agreement"), a true and correct copy of the Agreement is annexed hereto as Exhibit "A."

14. Upon information and belief, NDB is a third party beneficiary of the Agreement.

15. Upon information and belief at some point in time NDB was assigned and/or assumed some, or all, of the obligations under the Agreement.

16. Pursuant to paragraph 14 of the Agreement, the law of the State of New York shall govern disputes arising out of the Agreement.

17. Pursuant to Paragraphs 6 and 8 of the Agreement, Becker was engaged to perform sales services of liquors, wines and spirits, exclusively for Defendants, for a defined period commencing on January 12, 2005 and ending three (3) years thereafter, i.e. January 12, 2008 (the "Term").

18. Pursuant to Paragraph 6 of the Agreement, Becker was to be paid standard commissions which shall, under no circumstance, be less than $200,000.00 per year (the "Guaranteed Sum") for three (3) years, plus $5,000/month per year, for three years for reimbursement of business expense monies, plus after tax bonus of $525.00/month per year for three years. ("The Guaranteed

Sum and other payments referenced in this paragraph are sometimes collectively referred to hereinafter as the "Salary.")"

19. Pursuant to Paragraph 8 of the Agreement, "Should Company terminate Employee prior to said three (3) year term, Company shall still be obligated to make payment to Employee the Guaranteed Sum plus any other monies payable to Employee as set forth in paragraph 6 hereunder unless Employee is terminated for Cause."

20. At all relevant times Becker complied with terms and conditions of the Agreement and was never in breach thereof.

21. Becker was not "terminated for cause."

22. On or about March 5, 2007, at a meeting of Eber employees (the "Meeting"), Lester Eber ("Mr. Eber"), President of Eber and Manager of NDB, informed Becker and other of Defendants' employees, that Eber and/or NDB were being sold to Southern Wine and Spirits ("Southern") and that said sale would be completed as of March 31, 2007.

23. At the Meeting, Mr. Eber further informed Becker and other of Defendants' employees that as of March 31, 2007, Eber and/or NDB would no longer honor its commitments to its employees, including its monetary obligations to Becker pursuant to the Agreement.

24. On or about March 9, 2007, Becker's counsel sent a letter to Eber's counsel, Patrick Dalton ("Mr. Dalton"), informing Eber that Becker was in full compliance with the Agreement and requesting confirmation that Eber would honor its commitments under the Agreement.

25. On or about March 9, 2007 Mr. Dalton confirmed to Becker's counsel that although Becker was not in breach of the Agreement, Eber did not know when, if ever, it would be able to

fulfill its monetary obligations to Becker pursuant to the Agreement.

26. On or about March 16, 2007, Mr. Dalton confirmed by e-mail (the "March 16 E-Mail") to Becker's counsel that Becker was not in breach of the Agreement.

27. The March 16 E-Mail stated, *inter alia*, "should Ms. Becker seek to find work or accept employment with another entity, the Eber entities will not use that to place her in any kind of breach under her Non-Competition Agreement."

28. On or about April 26th, 2007, Defendants terminated the services of Becker in writing, effective as of April 13, 2007.

29. As of April 13, 2007, in breach of the Agreement, Defendants ceased making payments due to Becker, including, but not limited to the Salary due and owing to Becker for the remaining Term of the Agreement.

30. Upon information and belief, Eber and/or NDB have not been sold to Southern.

31. On or about May 15, 2007, Mr. Eber was notified in writing by Becker that pursuant to Business Corporation Law Sec. 630, in Mr. Eber's capacity as one of the ten largest shareholders of Eber, Becker intended to hold Mr. Eber jointly and severally, personally liable for, without limitation, all debts, wages and salaries due to Becker for the services Becker performed for Eber.

**ADDED COMMISSIONS**

32. In addition to Becker's services under the Agreement, Becker provided certain supplemental sales services for Defendants ("Additional Sales Services").

33. As compensation for Becker's Additional Sales Services, Defendants promised to pay Becker commissions ("Added Commissions") generated from revenue payable to Defendants, pursuant to agreements entered into between certain third party liquor suppliers and Defendants.

34. Becker provided Additional Sales Services and Defendants were paid and benefited from those Additional Sales Services.

35. Defendants paid Becker for Additional Sales Services through August, 2006.

36. Defendants have not paid Becker for Additional Services for the period from September, 2006 through April, 2007.

**RETIREMENT CONTRIBUTIONS**

37. Defendants agreed to make monthly contributions (the "Contributions") to Becker's pension and/or 401K retirement plan (the "Retirement Plan") throughout the term of her employment, including, without limitation, the Term of the Agreement.

38. Upon information and belief it was Defendants' policy to make Contributions to all of its employees' Retirement Plans.

39. Defendants made Contributions to Becker's Retirement Plan through December of 2005.

40. As of January 1, 2006, Defendants ceased making Contributions to the Retirement

Plan in breach of Defendants' agreement with Becker.

41.     Up until April 26, 2007, Defendants promised they would make the Contributions required pursuant to Eber's agreement with Becker.

42.     Defendants have failed to make the Contributions from January 1, 2006 through the end of the Term of the Agreement, in breach of Defendants' agreements with Becker.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract)

43.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 41 above as if fully set forth herein.

44.     This claim arises under the common law of the State of New York.

45.     Pursuant to the Agreement, Defendants were obligated to pay, and Plaintiff was entitled to receive, specified compensation, including but not limited to Salary for the entirety of the duration of the Term of the Agreement.

46.     Plaintiff has complied with all of the terms and conditions of the Agreement and has not been in breach of the Agreement.

47.     Defendants breached the Agreement by terminating Plaintiff's services without cause prior to the end of the Term, and by failing to make the payments due to Becker for the duration of the Term of the Agreement, including, but not limited to, Salary due and owing to Plaintiff.

48.     By reason of the foregoing, Plaintiff has sustained damages and upon information and belief, such damages exceed Two Hundred and Twenty Five Thousand Dollars ($225,000.00).

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)

49. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 47 above as if fully set forth herein.

50. This claim arises under the common law of the State of New York.

51. Pursuant to agreement with Becker, Defendants agreed to make Contributions to Becker's Retirement Plan during the Term of the Agreement.

52. Defendants made such Contributions through and including December, 2005.

53. Defendants have failed to make Contributions since December, 2005.

54. By reason of the foregoing, Plaintiff has sustained damages and upon information and belief, such damages exceed Twelve Thousand Five Hundred Dollars ($12,500.00)

## THIRD CLAIM FOR RELIEF
### (Breach of Contract)

55. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 53 above as if fully set forth herein.

56. This claim arises under the common law of the State of New York.

57. At Defendants' request, Plaintiff performed Additional Sales Services for the benefit of Defendant.

58. Defendants were paid monetary consideration and has received other benefits as a result of Plaintiff's Additional Sales Services and has failed to compensate Plaintiff therefore.

59. By reason of the foregoing, Plaintiff has sustained damages and upon information and belief, such damages exceed Twelve Thousand Five Hundred Dollars ($12,500.00).

### FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment)

60. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 58 above as if fully set forth herein.

61. Becker performed, and Defendants accepted, the Additional Sales Services in good faith.

62. Becker had an expectation of compensation for the Additional Sales Services.

63. The reasonable value of the Additional Sales Services for which Becker has not been compensated is no less than $12,500.00.

64. By reason of the foregoing, Plaintiff has sustained damages and upon information and belief, such damages exceed Twelve Thousand Five Hundred Dollars ($12,500.00).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. On the First Claim For Relief in the sum of $225,000.00 together with interest thereon from April 13, 2007 and costs in this action, including reasonable attorneys fees.

2. On the Second Claim For Relief in the sum of $12,500.00 together with interest thereon from December, 2005 and costs in this action including reasonable attorneys fees.

3. On the Third and Fourth Claims For Relief in the sum of $12,500.00 together with interest thereon from September, 2006 and costs in this action including reasonable attorneys fees.

4. Awarding to Plaintiff such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 18, 2007

Respectfully submitted,

**LAW OFFICES OF
JONATHAN S. POLLACK**

By_____
   Jonathan S. Pollack (JP 9043)

274 Madison Avenue, 19th Floor
New York, New York 10016
(212) 889-0761
(212) 889-0279 (Fax)
*Attorneys for Plaintiff*