UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ELISSA BECKER,

                            Plaintiff,

      -vs-

EBER BROS. WINE & LIQUOR CORPORATION
and EBER-NDC, LLC,

                            Defendants.
_____

**ANSWER TO FIRST AMENDED COMPLAINT**

07 CIV 4022 (RMB)

      Defendant Eber-NDC, LLC, by its attorneys, Harris Beach PLLC, for its Answer to plaintiff's First Amended Complaint, alleges as follows:

      1.     Answering paragraph 1, defendant admits that plaintiff brought this action against defendants purportedly seeking various forms of relief, but denies there is any basis on which to do so and otherwise denies the allegations contained in this paragraph.

      2.     Answering paragraph 2, defendant denies knowledge and information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore denies the same.

      3.     Answering paragraph 3, defendant denies the allegations contained in this paragraph.

      4.     Answering paragraph 4, defendant denies knowledge and information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore denies the same.

      5.     Answering paragraph 5, defendant denies knowledge and information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore denies the same.

6. Answering paragraph 6, defendant admits the allegations contained in this paragraph.

7. Answering paragraph 7, defendant denies the allegations contained in this paragraph.

8. Answering paragraph 8, defendant denies that Eber Bros. Wine & Liquor Corp. ("EBWLC") regularly conducted business in the County of New York, but admits the remaining allegations of this paragraph.

9. Answering paragraph 9, defendant admits that it is a Delaware limited liability company and otherwise denies the allegations contained in this paragraph.

10. Answering paragraph 10, defendant admits it conducted business within the County and State of New York and otherwise denies knowledge and information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph.

11. Answering paragraph 11, defendant denies knowledge and information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore denies the same.

12. Answering paragraph 12, defendant admits the allegations contained in this paragraph.

13. Answering paragraph 13, defendant admits the existence of the written agreement (the "Agreement"), refers to that document for its true and correct terms, but denies that plaintiff was employed by EBWLC.

14. Answering paragraph 14, defendant denies the allegations contained in this paragraph.

15. Answering paragraph 15, defendant admits that plaintiff was employed by it (or by Eber Bros. Wine & Liquor Metro, Inc.) prior to and after the execution of the Agreement and

otherwise denies knowledge and information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph.

16. Answering paragraph 16, defendant refers to the Agreement for its true and correct terms.

17. Answering paragraph 17, defendant refers to the Agreement for its true and correct terms, but denies that plaintiff performed "sales services" for EBWLC.

18. Answering paragraph 18, defendant refers to the Agreement for its true and correct terms, and otherwise denies the allegations contained in this paragraph.

19. Answering paragraph 19, defendant refers to the Agreement for its true and correct terms.

20. Answering paragraph 20, defendant denies knowledge and information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore denies the same.

21. Answering paragraph 21, defendant admits that plaintiff's employment with E-NDC was terminated on or about April 13, 2007 due to the cessation of the business of E-NDC and otherwise denies knowledge and information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph.

22. Answering paragraph 22, defendant denies the allegations contained in this paragraph.

23. Answering paragraph 23, defendant denies the allegations contained in this paragraph.

24. Answering paragraph 24, defendant admits receiving the March 9, 2007 letter and otherwise denies the allegations contained in this paragraph.

25. Answering paragraph 25, defendant denies the allegations contained in this paragraph.

26. Answering paragraph 26, defendant refers to the March 16, 2007 e-mail for its true and correct terms and otherwise denies the allegations contained in this paragraph.

27. Answering paragraph 27, defendant refers to the March 16, 2007 e-mail for its true and correct terms and otherwise denies the allegations contained in this paragraph.

28. Answering paragraph 28, defendant admits that it terminated plaintiff's employment effective April 13, 2007 and otherwise denies the allegations contained in this paragraph.

29. Answering paragraph 29, defendant admits that it ceased making payments to plaintiff but denies that it is obligated to make any further payments to plaintiff.

30. Answering paragraph 30, defendant admits the allegations contained in this paragraph.

31. Answering paragraph 31, defendant denies knowledge and information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph the allegations contained in this paragraph.

32. Answering paragraph 32, defendant denies the allegations contained in this paragraph.

33. Answering paragraph 33, defendant denies the allegations contained in this paragraph.

34. Answering paragraph 34, defendant denies the allegations contained in this paragraph.

35. Answering paragraph 35, defendant denies the allegations contained in this paragraph.

36. Answering paragraph 36, defendant admits that it has not paid plaintiff for "Additional Services" and denies that it is obligated to make such payments.

37. Answering paragraph 37, defendant admits that it had a 401K retirement plan that plaintiff participated in during her employment and otherwise denies the allegations contained in this paragraph.

38. Answering paragraph 38, defendant admits that it had certain employment policies relating to its 401K retirement plan for its employees, refers to those policies for their true and correct terms and otherwise denies the allegations contained in this paragraph.

39. Answering paragraph 39, defendant admits that it made certain contributions to plaintiff's 401K account in accordance with its policies and otherwise denies the allegations contained in this paragraph.

40. Answering paragraph 40, defendant denies the allegations contained in this paragraph.

41. Answering paragraph 41, defendant denies the allegations contained in this paragraph.

42. Answering paragraph 42, defendant denies the allegations contained in this paragraph.

43. Answering paragraph 43, defendant incorporates herein by reference its answers to paragraphs 1 through 42.

44. Answering paragraph 44, defendant denies the allegations contained in this paragraph.

45. Answering paragraph 45, defendant denies the allegations contained in this paragraph.

46. Answering paragraph 46, defendant denies knowledge and information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore deny the same.

47. Answering paragraph 47, defendant denies the allegations contained in this paragraph.

48. Answering paragraph 48, defendant denies the allegations contained in this paragraph.

49. Answering paragraph 49, defendant incorporates herein by reference its answers to paragraphs 1 through 48.

50. Answering paragraph 50, defendant denies the allegations contained in this paragraph.

51. Answering paragraph 51, defendant denies the allegations contained in this paragraph.

52. Answering paragraph 52, defendant denies the allegations contained in this paragraph.

53. Answering paragraph 53, defendant denies the allegations contained in this paragraph.

54. Answering paragraph 54, defendant denies the allegations contained in this paragraph.

55. Answering paragraph 55, defendant incorporates herein by reference its answers to paragraphs 1 through 54.

56. Answering paragraph 56, defendant denies the allegations contained in this paragraph.

57. Answering paragraph 57, defendant denies the allegations contained in this paragraph.

58. Answering paragraph 58, defendant denies the allegations contained in this paragraph.

59. Answering paragraph 59, defendant denies the allegations contained in this paragraph.

60. Answering paragraph 60, defendant incorporates herein by reference their answers to paragraphs 1 through 59.

61. Answering paragraph 61, defendant denies the allegations contained in this paragraph.

62. Answering paragraph 62, defendant denies the allegations contained in this paragraph.

63. Answering paragraph 63, defendant denies the allegations contained in this paragraph.

64. Answering paragraph 64, defendant denies the allegations contained in this paragraph.

65. Defendant denies each and every other allegation not specifically admitted, controverted or otherwise addressed above.

## FIRST AFFIRMATIVE DEFENSE

66. The Complaint fails to state a cause of action against the answering defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

67. Upon information and belief, the venue of this matter is improper.

### THIRD AFFIRMATIVE DEFENSE

68. Upon information and belief, plaintiff has failed to mitigate her damages.

### FOURTH AFFIRMATIVE DEFENSE

69. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, unclean hands, or laches.

### FIFTH AFFIRMATIVE DEFENSE

70. Plaintiff's claims are barred in whole or in part by the Statute of Frauds.

WHEREFORE, the defendant demands judgment:

(a) dismissing the First Amended Complaint in its entirety, with prejudice; and

(b) for such other and further relief as this Court may seem just and proper, including, but not limited to, the costs and disbursements of this action.

Dated: August 13, 2007

HARRIS BEACH PLLC

By: s/ Gregory J. McDonald
Paul J. Yesawich, III (PY 0343)
Gregory J. McDonald (GM 1518)
*Attorneys for the Defendant*
99 Garnsey Road
Pittsford, New York 14534
Tel: (585) 419-8800

TO: LAW OFFICES OF JONATHAN S. POLLACK
Jonathan S. Pollack (JP 9043)
Attorney for Plaintiff
274 Madison Avenue, 19th Floor
New York, New York 10016

# CERTIFICATE OF SERVICE

## 07 CIV 4022 (RMB)

I hereby certify that on August 13, 2007, I caused to be electronically filed the foregoing First Amended Answer with the Clerk of the District Court, Southern District of New York using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

1. LAW OFFICES OF JONATHAN S. POLLACK
   Jonathan S. Pollack (JP 9043)
   Attorney for Plaintiff
   274 Madison Avenue, 19th Floor
   New York, New York 10016

And I hereby certify that I have sent by regular mail the foregoing, by the United States Postal Service, to the following non-CM/ECF participants:

1. N/A

      s/ Gregory J. McDonald
      GREGORY J. McDONALD (GM 1518)

229053 885621.2