UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X     07 CIV 4022 (RMB)
ELISSA BECKER,                                          :

                                                     **PLAINTIFF S'FIRST**
                     **Plaintiff,**     :     **REQUEST FOR DOCUMENTS**
                                                     **AND THINGS**

                     **-against-**     :

**EBER BROS. WINE & LIQUOR**                                      :
 **CORPORATION and EBER-NDC, LLC**

                                          **Defendants.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the applicable Local Civil Rules of the Southern District of New York, plaintiff hereby demands that defendants Eber Bros. Wine & Liquor Corporation and Eber-NDC, LLC respond to these requests and produce at the office of Jonathan Pollack, Attorney at Law, 274 Madison Avenue, New York, NY 10016 for purposes of inspection and copying, the following documents within thirty (30) days after service hereof .

## **DEFINITIONS**

        A.    Plaintiffs hereby incorporate by reference the definitions, rules of construction and instructions set forth in Local Civil Rule 26.3 of the Southern District of New York.

        B.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), recorded or unrecorded, whether written or oral, or in any other form.

        C.    The term "Complaint" means the Second Amended Complaint filed by plaintiffs in this case.

1

D. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

E. The term "document" has the meaning applied to that term in its broadest sense under Rule 34 of the Federal Rules of Civil Procedure, and also includes, without limitation, any written, recorded or tangible graphic matter, or any other means of preserving thought, expression or communication, including all non-identical copies, drafts, worksheets, transcripts and proofs, whether handwritten, typed, printed or otherwise created, including telephone slips and logs, diaries, diary entries, calendars, pocket or notebook computer calendars, reports, correspondence, memoranda, interoffice and intraoffice office memoranda, notes, notations, video tapes, video cartridges or cassettes, audio tapes, audio cartridges or cassettes, electronic recordings of any kind, photographs, voicemail, electronic data, e-mail, Blackberry, two-way pager, text message or electronic mail messages or other exchanges of information between computers, computer tapes, computer diskettes or disks, computer printouts, computer databases, computerized back-up tapes and all information stored in electronic form in your possession, custody or control. A draft or non-identical copy is a separate document within the meaning of this term.

F. The term "defendants," "you," and "your" means Eber Bros. Wine & Liquor Corporation and Eber-NDC, LLC and/or their officers, directors, employees, agents, representatives, consultants, attorneys, or other persons acting under their control or on their behalf and includes, without limitation, any predecessor, successor, affiliate, subsidiary or parent corporation.

G. The term "plaintiff" means Elissa Becker, her agents, representatives, consultants, attorneys, or other persons acting under her control or on her behalf.

2

H. The term "person" means any natural person, corporation, partnership, proprietorship, group, association, organization, business entity, governmental body, agency, and any agent of the foregoing.

I. The singular includes the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; the past tense includes the present tense and vice versa; and the term "including" means including, but not limited to.

J. The term "Complaint" shall mean the First Amended Complaint served on defendants by plaintiff.

K. The term "Answer" shall mean the Amended Answer and Affirmative Defenses served on plaintiff by each respective defendant in response to plaintiff's Complaint.

L. The term "Employment Agreement" shall refer to the contract entered into by and between plaintiff and Eber Bros. Wine & Liqour Corporation and identified and attached as Exhibit "A" to the Complaint.

M. The term "Added Commissions" shall refer to those commissions identified by plaintiff in the Complaint that plaintiff claims are owed by defendants.

N. The term "Contributions" shall refer to those 401K contributions plaintiff identifies in the Complaint that plaintiff claims are owed by defendants.

## GENERAL INSTRUCTIONS

A. Each paragraph of this request calls for the production of each responsive document that is in your possession, custody or control, including without limitation, each document in the possession, custody or control of your employees, agents, representatives, attorneys, and any other person acting on your behalf.

B.  If any document requested herein is no longer in your possession, custody or control because of destruction, loss or any other reason, then with respect to each such document state: (i) the nature or type of document (*e.g.*, letter, e-mail, memorandum), (ii) the date of the document, (iii) the name, and position or title, of each author, (iv) the name, and position or title, of each recipient and other person to whom a copy or copies were furnished, (v) in as much detail as possible, the contents of the document, and (vi) the manner and date of disposition of the document.

C.  If you withhold under a claim of privilege (including attorney work-product) any document requested herein, furnish a privilege log specifying (i) the nature of the privilege claimed and, if the privilege is being asserted in connection with a claim or defense governed by federal or state law or any other rule, the privilege rule being invoked, (ii) the general subject matter of the document, (iii) the nature or type of document (*e.g.*, letter, e-mail, memorandum), (iv) the date of the document, (v) the name and job title of each author, (vi) the name and job title of each recipient and person to whom a copy or copies were furnished, and (vii) the paragraph of this request to which each such document is responsive.

D.  If you object to any part of any discovery request, state with particularity both the grounds and the reasons for your objection, and respond to all parts of the request to which your objection does not apply.

E.  You are required to supplement your responses to these requests in accordance with Federal Rule of Civil Procedure 26(e).

**DOCUMENT REQUESTS**

1. All documents prepared or received by plaintiff concerning the affirmative defenses set forth in the Answer.

2. All documents concerning the Employment Agreement.

3. All documents concerning any agreement, whether written or oral, between plaintiff and any of the defendants.

4. All documents concerning Eber-NDC, LLC's rights to the services of Plainitff.

5. All documents concerning EBer-NDC, LLC's right to benefit from the Employment Agreement.

6. All documents concerning the transfer or assignment of the Employment Agreement from Eber Bros Wine & Liquor Corporation to Eber-NDC, LLC.

7. All documents concerning the members of Eber-NDC, LLC.

8. All documents concerning the Managers of Eber-NDC, LLC.

9. All documents concerning the ownership of the stock in Eber Bros Wine & Liquor Corporation.

10. All documents concerning the officers of Eber Bros Wine & Liquor Corporation.

11. All documents concerning the board of directors of Eber Bros Wine & Liquor Corporation.

12. All documents concerning the creditors of Eber Bros Wine & Liquor Corporation.

13. All documents concerning the debtors of Eber Bros Wine & Liquor Corporation.

14. All documents concerning the creditors of Eber-NDC, LLC

15. All documents concerning the debtors of Eber-NDC, LLC.

16. All documents concerning Eber-NDC, LLC's ownership of the stock of Eber Bros Wine & Liquor Corporation.

17. All documents concerning Eber Bros Wine & Liquor Corporation's ownership of a membership interest in Eber-NDC, LLC.

18. All documents concerning the current assets and liabilities of defendants.

19. All documents concerning defendants' payment of the following compensation under the Employment Agreement:

    a. standard commissions which shall, under no circumstances, be less than $200,000 per year;

    b. the claimed reimbursement of business expenses in the amount of $5,000 per month;

    c. the after tax bonus of $525 a month per year for three years.

20. All documents concerning the payment of Added Commissions.

21. All documents concerning the payment of Contributions.

22. All documents concerning the designation or assignment of duties by any of the defendants to plaintiff.

23. All documents concerning the performance of duties designated to plaintiff by any of the defendants.

24. All documents concerning reimbursement to plaintiff of business expenses.

25. All documents relating to any of the defendants payment of employment insurance with respect to plaintiff.

26. All documents relating to the payment of withholding taxes with respect to plaintiff.

27. All documents relating to any of defendant's termination of plaintiff's services.

28. All documents relating to the termination "with cause" of plaintiff's services.

6

29. All documents concerning plaintiff's employment with either defendant, including but not limited to employment contracts, employee handbooks, letter agreements, offer sheets and any other document reflecting the terms and conditions of your current employment.

30. All documents concerning the termination of other employees or contractors of any of the defendants on or around March through April, 2007.

31. All documents concerning each and every affirmative defense raised in the Answer.

Dated:  New York, NY
        September 13, 2007

                                                      Law Offices of
                                                     Jonathan S. Pollack

By:   /Jonathan Pollack/
Jonathan Pollack (JP-9043)
274 Madison Avenue
19th Floor
New York, NY 10016
(212) 889-0761
*Attorneys for Plaintiff*
*Elissa Becker*

To:    ***By E-Mail***
       Melanie Sarkis, Esq.
       Harris Beach, LLP
       *Attorneys for the Defendants*
       99 Garnsey Road
       Pittsford, New York  14534
       Tel:  (585) 419-8800

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
**ELISSA BECKER,**                                :

                      **Plaintiff,**       :        **07 CIV 4022 (RMB)**

          **-against-**                       :

**EBER BROS. WINE & LIQUOR**               :
 **CORPORATION** and **EBER-NDC, LLC.**
                                                              :
                     **Defendants.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

CERTIFICATE OF SERVICE

    I hereby certify that on September 14, 2007 I caused a copy of **PLAINTIFF S'FIRST REQUEST FOR DOCUMENTS AND THINGS** to be served on Defendants listed below by sending the same via e-mail by prior arrangement with Melanie Sarkis, Esq. attorney for Defendants Eber Bros. Wine & Liquor Corporation and Eber-NDC, LLC.

        HARRIS, BEACH  PLLC
        99 Garnsey Rd.
II.    Pittford, NY 14534

        Attorneys for Defendant
        Eber Bros. Wine & Liquor Corporation
        and Eber-NDC, LLC
        e-mail: msarkis@HarrisBeach.com


Dated: September 14, 2007



                                      By:__/Jonathan Pollack/____
                                          Jonathan Pollack