**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X     **07 CIV 4022 (RMB)**
**ELISSA BECKER,**                                                  :

                                              **PLAINTIFF S'FIRST**
                      **Plaintiff,**     :     **SET OF**
                                                **INTERROGATORIES**

                    **-against-**     :

**EBER BROS. WINE & LIQUOR**                                        :
 **CORPORATION and EBER-NDC, LLC**

                                               **Defendants.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

      Pursuant to Fed.R.Civ.P. Rule 33, plaintiff, Elissa Becker, by and through her attorney, Jonathan Pollack, Attorney at Law, hereby propound the following interrogatories upon defendants Eber Bros. Wine & Liquor Corporation and Eber-NDC, LLC, to be answered separately, fully, in writing and under oath within thirty (30) days after service hereof.

      In answering these interrogatories you are to furnish all information available to you, including information in the possession of your attorneys, and not merely such information known to the personal knowledge of plaintiff.  If you refer to a document, memorandum, paper, letter or written or printed material of any kind for the purpose of answering any interrogatory, identify such document as defined herein.

      If, after these interrogatories are answered for the first time, you obtain any information from which you either know that an answer was incorrect when made or that an answer, though correct when made, is no longer true or complete, you must amend and/or supplement your previous answer to these interrogatories as required by Fed.R.Civ.P. Rule 26(e).

## DEFINITIONS AND INSTRUCTIONS

1. You are to answer each interrogatory separately and fully unless it is objected to, in which case the reason(s) for the objection should be stated. The answers are to be signed by you and the objections, if any, are to be signed by the attorney making them.

2. *Communication.* The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3. *Document.* The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or nonidentical copy is a separate document within the meaning of the term.

4. *Identify (with respect to persons).* When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

5. *Identify (with respect to documents).* When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

6. *Parties.* The terms "plaintiff" and "defendant" as well as a party's full or abbreviate name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

7. *Person.* The term "person" is defined as any natural person or any business, legal or governmental entity or association.

8. *Concerning.* The term "concerning" means relating to, referring to, describing, evidencing or constituting.

9. *All/Each.* The terms "all" and "each" shall be construed as all and each.

10. *And/Or.* The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside of its scope.

11. *Number.* The use of the singular form of any word includes the plural and vice versa.

12. *Defendants, you, and your.* The terms "Defendants," "you, or your" refers to Eber Bros. Wine & Liquor Corporation and Eber-NDC, LLC and/or their officers, directors, employees, agents, representatives, consultants, attorneys, or other persons acting under their control or on their behalf and includes, without limitation, any predecessor, successor, affiliate, subsidiary or parent corporation.

13. *Plaintiff.* The term "Plaintiff" refers to Elissa Becker.

14. *Complaint.* The term "Complaint" shall mean the First Amended Complaint served on defendants by plaintiff.

15. *Eber Answer.* The term "Eber Answer" shall mean the Amended Answer and Affirmative Defenses served on plaintiff by defendant Eber Bros Wine & Liquor Corporation in response to plaintiff's Complaint.

16. *NDC Answer*. The term "NDC Answer" shall mean the Amended Answer and Affirmative Defenses served on plaintiff by defendant Eber-NDC, LLC in response to plaintiff's Complaint.

17. *Employment Agreement*. The term "Employment Agreement" shall refer to the contract entered into by and between plaintiff and Eber Bros. Wine & Liqour Corporation and identified and attached as Exhibit "A" to the Complaint.

18. *Added Commissions*. The term "Added Commissions" shall refer to those commissions identified by plaintiff in the Complaint that plaintiff claims are owed by defendants.

19. *Additional Sales Services*. The term "Additional Sales Services" refers to supplemental services plaintiff provided for defendants as alleged in paragraph 32 of the Complaint.

20. *Contributions* The term "Contributions" shall refer to those 401K contributions plaintiff identifies in the Complaint that plaintiff claims are owed by defendants.

**INTERROGATORIES**

1. State and identify the services provided to you by plaintiff from the period commencing in January of 2005, through April, 2007.

2. State the factual basis for Eber Bros Wine & Liquor Corporation's termination of plaintiff's employment.

3. State the factual basis for Eber-NDC, LLC's termination of plaintiff's employment.

4.     State the factual basis and circumstances surrounding Eber Bros Wine & Liquor Corporation's termination of the services of plaintiff, being effectuated by Eber-NDC, LLC ceasing its business as alleged in paragraph 21 of the Eber Answer.

5.     State the factual basis for each of defendants' payment of $5,000.00 to plaintiff pursuant to paragraph 6 of the Employment Agreement.

6.     State the factual basis for each of defendants' payment of the after tax bonus of $525 a month per year for three years pursuant to paragraph 6 of the Employment Agreement.

7.     State the factual basis for each of defendants' contributions to plaintiff's 401k.

8.     State the factual basis for Eber-NDC, LLC paying Contributions.

9.     State the factual basis for Eber Bros Wine & Liquor Corporation paying Contributions.

10.    State the factual basis for defendants' failure to make Contributions after January, 2006.

11.    State the factual basis for defendants' paying commissions with respect to each of plaintiff's Additional Sales Services.

12.    State the factual basis for Eber NDC, LLC paying commissions with respect to each of plaintiff's Additional Sales Services.

13.    State the factual basis for for Eber Bros Wine & Liquor Corporation paying commissions with respect to each of plaintiff's Additional Sales Services.

14.    State the factual basis for failing to pay Added Commissions.

15.    State the factual basis for each of defendants' affirmative defenses.

5

Dated:   New York, NY
             September 13, 2007

                                                  Law Offices of
                                                  Jonathan S. Pollack

                                                  By:_____
                                                        Jonathan Pollack (JP-9043)
                                                        274 Madison Avenue
                                                        19th Floor
                                                        New York, NY 10016
                                                        (212) 889-0761
                                                        *Attorneys for Plaintiff*
                                                        *Elissa Becker*

To:   <u>*By E-Mail*</u>
       Melanie Sarkis, Esq.
       Harris Beach, LLP
       *Attorneys for the Defendants*
       99 Garnsey Road
       Pittsford, New York  14534
       Tel:  (585) 419-8800

CERTIFICATE OF SERVICE

      I hereby certify that on September 14, 2007 I caused a copy of **PLAINTIFF S' FIRST SET OF INTERROGATORIES** to be served on Defendants listed below by sending the same via e-mail by prior arrangement with Melanie Sarkis, Esq. attorney for Defendants Eber Bros. Wine & Liquor Corporation and Eber-NDC, LLC.

      HARRIS, BEACH PLLC
      99 Garnsey Rd.
      Pittford, NY 14534
      Attorneys for Defendant
      Eber Bros. Wine & Liquor Corporation
      and Eber-NDC, LLC
      e-mail: msarkis@HarrisBeach.com

Dated: September 14, 2007

      By:__/Jonathan Pollack/____
          Jonathan Pollack